IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAUL VELASQUEZ, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| OUTSIDE LANDSCAPE | : | |
| GROUP, LLC and RICK | : | |
| KALDROVICS, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Raul Velasquez ("Velasquez"), brings this Complaint against Outside Landscape Group, LLC ("Outside Landscape") and Rick Kaldrovics ("Kaldrovics") and shows the Court as follows:

## 1.  INTRODUCTION

1.

This is an FLSA case. Plaintiff brings this action because Defendants failed to pay him at one-and-one-half times his regular rate for work performed over forty hours in each workweek for his work as a landscaper.

## 2.    JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Outside Landscape is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3.    THE PARTIES

### 4.

Velasquez resides in Cherokee County, Georgia.

### 5.

Outside Landscape employed Velasquez as a landscaper in and around Atlanta, Georgia from April 2003 until June 2015.

### 6.

At all times material hereto, Velasquez has been an "employee" of Outside Landscape as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

At all times material hereto, Outside Landscape was an "employer" of Velasquez as defined in FLSA § 3(d), 29 U.S.C. §203(d).

8.

Outside Landscape is a limited liability company organized under the laws of the State of Georgia.

9.

Outside Landscape is subject to the personal jurisdiction of this Court.

10.

Outside Landscape may be served with process through its registered agent Kara Kaldrovics at 11435 N. Fulton Industrial Blvd., Alpharetta, GA 30004.

11.

Kaldrovics resides within Fulton County, Georgia.

12.

At all times material hereto, Kaldrovics was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

13.

Kaldrovics is subject to the personal jurisdiction of this Court.

14.

Kaldrovics may be served with process at his residence located at 635 Oak Farm Lane, Alpharetta, Georgia or wherever he may be located.

**A.    Enterprise Coverage:**

15.

From on or about February 2013 until June 2015, Outside Landscape was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2013, Outside Landscape had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2014, Outside Landscape had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2015, Outside Landscape had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

From on or about February 2013 until June 2015, two or more employees handled the following materials that have moved in interstate commerce for the

commercial purpose of the company: pavers, sand, concrete, gravel, masonry tools, vehicles, trailers, tires, lawn mowers, edgers, string trimmers, leaf blowers, cell phones, computers, gasoline, and engine oil.

20.

During 2013, Outside Landscape had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2014, Outside Landscape had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Outside Landscape had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, Outside Landscape  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

During 2014, Outside Landscape  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2015, Outside Landscape  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

At all times material hereto, Outside Landscape has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## B.    Statutory Employer

27.

At all times material hereto, Kaldrovics exercised operational control over the work activities of Velasquez.

28.

At all times material hereto, Kaldrovics was involved in the day to day operation of the Outside Landscape in which Velasquez worked.

29.

At all times material hereto, Outside Landscape vested Kaldrovics with
supervisory authority over Velasquez.

30.

At all times material hereto, Kaldrovics exercised supervisory authority over
Velasquez.

31.

At all times material hereto, Kaldrovics scheduled Velasquez's working hours
or supervised the scheduling of Plaintiff's working hours.

32.

At all times material hereto, Kaldrovics exercised authority and supervision
over Velasquez's compensation and payroll policies.

**C.    Factual Allegations**

33.

At all times material hereto, Velasquez was not exempt from the maximum hour
requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, Outside Landscape did not employ Velasquez in a
bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, Outside Landscape did not employ Velasquez in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Outside Landscape did not employ Velasquez in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Outside Landscape did not employ Velasquez in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

38.

At all times material hereto, Defendants were in the business of providing commercial and residential landscaping services.

39.

At all times material hereto, Plaintiff's main duties included, but were not limited to, landscape installation, lawn care, installing pavers and building retaining walls.

40.

At all times material hereto, Outside Landscape compensated Velasquez on an hourly basis.

41.

At all times material hereto, Outside Landscape compensated Velasquez at an hourly rate of $13.50.

42.

At all times material hereto, Outside Landscape paid Velasquez straight pay for all hours worked, including hours worked in excess of 40 hours during each work week.

43.

During his employment with Outside Landscape, Velaquez often worked more than forty hours in a given workweek.

44.

At all times material hereto, Outside Landscape failed to pay Velasquez an overtime premium for each hour he worked in excess of 40 hours during each work week.

## COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

45.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

46.

At all times material hereto, Velasquez has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

47.

During his employment with Defendants, Velasquez regularly worked in excess of forty (40) hours each week.

48.

Defendants failed to pay Velasquez at one and one half times his regular rate for work in excess of forty (40) hours in any week from February 2013 through June 2015.

49.

Defendants willfully failed to pay Velasquez at one and one half times his regular rate for work in excess of forty (40) hours in any week from February 2013 through June 2015.

50.

Velasquez is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of overtime compensation as alleged above, Velasquez is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of overtime compensation as alleged above, Velasquez is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF