## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into this 14th day of March, 2016, by and between Raul Velasquez ("Plaintiff") and Outside Landscape Group, LLC ("OLG") for itself and its divisions, subdivisions, parents and affiliates and Rick Kaldrovics (hereinafter collectively referred to as "Defendants").

WITNESSETH

WHEREAS, on or about February 15, 2016, Plaintiff filed a civil action styled Raul Velasquez v. Outside Landscape Group, LLC and Rick Kaldrovics, Civil Action File No. 1:16-cv-00474-TCB, in the United States District Court, Northern District of Georgia (the "Action");

WHEREAS, Plaintiff alleged in the Action that Defendants failed to pay him overtime pursuant to the maximum hours provisions of the Fair Labor Standards Act, 29 USC § 201 et seq., as amended (the "FLSA");

WHEREAS, Defendants deny the allegations made by Plaintiff in the Action and any liability to Plaintiff;

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims and allegations that were asserted in the Litigation arising out of or relating to compensation for any work performed by Plaintiff for Defendant, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendant, or any of their officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiff or any other person at any time.

NOW, THEREFORE, AND IN CONSIDERATION of the mutual promises set forth herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, Plaintiff and Defendants agree as follows:

## CONSIDERATION

1.

Defendants agree to pay a total of **Fourteen Thousand, Six Hundred Seventy-Four dollars and 38/100 ($14,674.38)**, payable as follows:

    a.    A check made payable to Raul Velasquez in the amount of **Four Thousand Five Hundred Eighty Seven and 19/100 Dollars ($4,587.19)** in backpay less applicable deductions and for which OLG shall issue Plaintiff an IRS Form W-2;

    b.    A check made payable to Raul Velasquez in the amount of **Four Thousand Five Hundred Eighty Seven and 19/100 Dollars ($4,587.19)** without deductions for which OLG shall issue Plaintiff an IRS Form 1099, designating the payment under "Box-3" as other income; and

    c.    A check made payable to Kevin D. Fitzpatrick, Jr. in the amount of **Five Thousand Five Hundred and no/100 Dollars ($5,500)** for Plaintiff's attorneys' fees and costs.

    d.    Plaintiff shall be responsible for payment of any and all appropriate federal and state taxes.

    e.    Plaintiff represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. and the firm DeLong Caldwell Bridgers Fitzpatrick & Benjamin, LLC are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which Defendant could be liable in connection with the Litigation are discharged.

f.  The settlement checks described in paragraphs 1 a, b, and c shall be transmitted to Plaintiff's counsel within ten (10) days of Court approval of the Agreement.

## WAIVER AND RELEASE

2.

In consideration of the above payments as described in Paragraph 1, Plaintiff does hereby forever release and discharge Defendant OLG, its officers, employees, agents, successors, assigns and Rick Kaldrovics, individually, and their attorneys of and from the liability, claims, demands, actions and causes of action, alleged in the Action, including alleged violations of the Act.

3.

**Court Approval.** The Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the FLSA and continuing jurisdiction pending satisfaction of the terms set forth in Paragraph 1 above. If the District Court does not approve this Agreement, it shall be void *ab initio*.

4.

Within five business days of receipt of the settlement proceeds described in Paragraph 1 above, Plaintiff shall cause a Dismissal with Prejudice in the Action in a form identified in **Attachment "A"** hereto to be filed with the Court.

5.

**Execution.** This Agreement shall become effective upon its approval by the court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by

facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

6.

**Severability.** Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraphs 1 or 2 are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

7.

**Construction.** The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

8.

**Governing Law.** This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

9.

The parties state that this Agreement has been carefully read, that benefit of legal counsel was available to both parties in order to explain the scope and effect of the Agreement and that it is assigned as the free act and deed of the undersigned.

10.

This Settlement Agreement and Release may be executed in one or more counterparts, each of which shall be deemed an original, but all of which constitute one and the same instrument.

11.

The Plaintiff warrants and represents that he is not assigned, has not attempted to assign, will not assign, and will not attempt to assign any of the causes of action expressly raised herein.

12.

This Agreement shall be governed by and construed in accordance with the FLSA.

13.

This Agreement comprises the entire understanding and agreement between the parties, supersedes any prior or contemporaneous oral or written understandings, promises or representations, and may not be modified or amended except in writing signed by all parties.

14.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS,** the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

<SIGNATURES ON NEXT PAGE>

GIVEN UNDER THESE HANDS AND SEALS THIS __14th__ DAY OF MARCH 2016.

        RAUL VELASQUEZ (PLAINTIFF)

        */s/ Raul Velasques*

        OUTSIDE LANDSCAPE GROUP, LLC

        By: *Kara Kaldrovics*
        Its: *Vice President*

        RICK KALDROVICS, INDIVIDUALLY

        */s/*

2286547.1
130088..000002